**RECORD NO. 13-4919**

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## ROBERT EARL ROSS,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH**

_____

**BRIEF OF APPELLANT**
_____

**Joshua B. Howard**
GAMMON, HOWARD &
  ZESZOTARSKI, PLLC
**115 ½ West Morgan Street
Raleigh, NC  27601
(919) 521-5878**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES ........................................................................ iii

JURISDICTIONAL STATEMENT ............................................................ 1

ISSUE PRESENTED FOR APPEAL ......................................................... 1

STATEMENT OF THE CASE ................................................................... 1

    Statement of the Facts .......................................................................... 2

SUMMARY OF ARGUMENT .................................................................. 5

ARGUMENT ............................................................................................. 7

    STANDARD OF REVIEW ................................................................... 7

    I.    THE DISTRICT COURT SHOULD HAVE VARIED
        DOWNWARD WHERE THE CAREER OFFENDER
        PROVISIONS OF U.S.S.G. § 4B1.1 CALLED FOR A 23-
        YEAR OLD TO SERVE 151 MONTHS IN PRISON FOR A
        RELATIVELY SMALL AMOUNT OF DRUGS AND THE
        LONGEST OF HIS TWO PREVIOUS SENTENCES WAS 14-
        17 MONTHS. ................................................................................ 8

        A.    The Career Offender provisions of the United States
            Sentencing Guidelines called for an exponentially higher
            sentence. .................................................................................. 8

        B.    This Court has long recognized the Sentencing
            Commission's Career Offender provisions do not always
            comport with the objectives of sentencing Congress laid
            out in 18 U.S.C. § 3553(a). ...................................................... 9

C.    The district court abused its discretion in failing to recognize 18 U.S.C. § 3553(a) merited a downward variance in this particular case. ................................................11

CONCLUSION ........................................................................................14

REQUEST FOR ORAL ARGUMENT ...................................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

*United States v. Abu Ali,*
   528 F.3d 210 (4th Cir. 2008) ...........................................................7

*United States v. Adkins,*
   937 F.2d 947 (4th Cir. 1991) ................................................6, 9, 10

*United States v. Allen*,
   446 F.3d 522 (4th Cir. 2006) ...........................................................7

*United States v. Booker*,
   543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) ..............10

*United States v. Chandia,*
   675 F.3d 329 (4th Cir. 2012) ..........................................................7

*United States v. Evans,*
   526 F.3d 155 (4th Cir. 2008) .........................................................11

*United States v. Gall*,
   552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ................10

*United States v. Merced*,
   603 F.3d 203 (3rd Cir. 2010) ............................................8, 10, 13

*United States v. Moreland*,
   437 F.3d 424 (4th Cir. 2006) ................................................6, 9, 13

*United States v. Rooks,*
   596 F.3d 204 (4th Cir. 2010) ..........................................................7

iii

**STATUTES:**

18 U.S.C. § 3231 ...................................................................................1

18 U.S.C. § 3553(a) ........................................................................*passim*

18 U.S.C. § 3553(a)(1)........................................................................10

18 U.S.C. § 3553(a)(2)....................................................................10, 11

18 U.S.C. § 3553(a)(2)(A)....................................................................4

18 U.S.C. § 3553(a)(2)(B)....................................................................4

18 U.S.C. § 3553(a)(2)(C) ...................................................................4

18 U.S.C. § 3553(a)(2)(D) ...................................................................4

18 U.S.C. § 3742 .................................................................................1

21 U.S.C. § 841(a)(1)...........................................................................1

21 U.S.C. § 846 ...................................................................................1

28 U.S.C. § 1291 .................................................................................1

**SENTENCING GUIDELINES:**

U.S.S.G. § 4B1.1 .........................................................................3, 8, 9

U.S.S.G. § 4B1.1(a) .............................................................................8

U.S.S.G. § 5A.......................................................................................9

**OTHER:**

United States Sentencing Commission,
    *Guidelines Manual*, § 5A (Nov. 2012) ...........................................3

## JURISDICTIONAL STATEMENT

The district court had jurisdiction pursuant to 18 U.S.C. § 3231.  Defendant-Appellant Robert Earl Ross filed a timely Notice of Appeal on December 6, 2013.  This appeal is from a final order.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## ISSUE PRESENTED FOR APPEAL

WHETHER THE DISTRICT COURT ADEQUATELY JUSTIFIED ITS APPLICATION OF THE CAREER OFFENDER ENHANCEMENT WHERE THE ENHANCEMENT TREBLED THE SENTENCE OF A YOUNG DEFENDANT WITH A BRIEF CRIMINAL RECORD CHARGED WITH DEALING A SMALL QUANTITY OF DRUGS.

## STATEMENT OF THE CASE

On December 20, 2012, a grand jury sitting in the Eastern District of North Carolina returned a four-count indictment against Robert Earl Ross ("Ross").  (J.A. 10-12).  Count One levied a conspiracy to distribute a quantity of heroin in violation of 21 U.S.C. § 846.  (J.A. 10 - 12).  The second count charged Ross with distributing a quantity of heroin on February 8, 2012 in violation of 21 U.S.C. § 841(a)(1).  *Id.*  Counts three and four alleged the same violation taking place on February 24, 2012 and March 14, 2012, respectively.

On May 13, 2013, Ross pled guilty to the entire indictment without the benefit of a plea agreement.  (J.A. 13-28).  He was counseled by a representative of the Public Defender's Office.  *Id.*  The Public Defender's Office later identified a

1

conflict and withdrew. (J.A. 29-31). Ross' second, court-appointed attorney filed objections to the Presentence Investigation Report ("PSR"). *Id.* He later withdrew the objections but pursued a downward variance on brief and at sentencing. (J.A. 29-38, 39-60). Specifically, Ross noted the advisory guideline range of 151-188 months was driven by application of the Career Offender enhancement and a lesser sentence would better accomplish the purposes of sentencing established under 18 U.S.C. § 3553(a). *Id.* On December 3, 2013, the district court declined Ross' request for variance and sentenced Ross to the bottom of the advisory guideline range, 151 months. (J.A. 39-60, 61-67). Ross timely filed a Notice of Appeal on December 6, 2013. (J.A. 67 - 68).

**Statement of the Facts:**

Robert Earl Ross ("Ross") pled guilty to conspiring to distribute heroin between February 8, 2012 and March 14, 2012 and to actually distributing heroin on three specific dates within that window of time. (J.A. 72). The Presentence Investigation Report ("PSR") found the three transactions specified in the indictment totaled 1.21 grams of heroin. (J.A. 72). The PSR then attributed more than 40 additional grams of heroin to Ross as well as 4 pounds of a drug not charged in the indictment, marijuana. (J.A. 73).

The drugs attributed to Ross in the PSR would have called for an offense level of 20; a firearm enhancement increased his otherwise-applicable offense level

2

to 22.  (J.A. 79-80).  The Probation Office awarded Ross three levels of credit for

acceptance of responsibility, which stood to reduce his offense level to 19.  (J.A.

80).  Without application of the Career Offender enhancement, the Probation

Office found Ross to have a criminal history category of IV.  (J.A., 74-76).  The

advisory guideline range for an offense level 19 and criminal history category of

IV is 46-57 months.  United States Sentencing Commission, *Guidelines Manual*, §

5A (Nov. 2012).

Those calculations did not establish the final advisory guideline range,

however, because the Probation Office found Ross to be a "Career Offender" under

U.S.S.G. § 4B1.1  (J.A. 74-76).  The applicable offense level therefore grew to 32

prior to credit for acceptance of responsibility.  (J.A. 80).  Ross' criminal history

category ballooned to VI by operation of law.  (J.A. 74-76, 80).  His new, advisory

guideline range became 151-188 months, more than tripling the bottom of the

advisory guideline range he faced.

Ross, 23 years old at the time of sentencing, qualified for the Career

Offender enhancement because he suffered two different state court convictions for

Common Law Robbery when he was 17 and 18 years of age.  (J.A. 74-76).  His

sentence for the first robbery was suspended until his probation was revoked

because of the second robbery.  *Id.*  He served those sentences concurrently.  *Id.*

Ross had no other felony convictions.  *Id.*

3

Ross argued for a downward variance on brief and at sentencing. (J.A. 31-36, 43-51). The prosecution made no written response. Ross pointed out that he lost his family home to fire in 2000 and again in 2009. (J.A. 32-33). He argued these tragedies set off a chain of events in his personal development that led to the conduct underlying his prior convictions and the instant conviction. (J.A. 32-34).

Ross argued the goals of sentencing established under 18 U.S.C. § 3553(a) would be achieved by a lesser sentence of 144 months. (J.A. 35-36). The mandate of Section 3553(a)(2)(A), that the sentence reflect seriousness of the offense, promote respect for the law, and provide just punishment, would be met because it was a sentence 10 times longer than any prior sentence he had suffered. (J.A. 35). The deterrence mandate of Section 3553(a)(2)(B) would be met because the guilty plea and other circumstances reflected Ross' readiness to disassociate with his former gang and support his nascent family. *Id.* He argued Section 3553(a)(2)(C)'s objective of protecting the public would be met because his anticipated age and the impact of education and drug treatment while in the Bureau of Prisons would decrease the likelihood of recidivism. (J.A. 35-36). Finally, the shorter, variant sentence Ross proposed would still provide for Section 3553(a)(2)(D)'s goal of providing opportunity for education, training, and other corrective treatment. *Id.*

4

The district court declined the invitation to vary downward. (J.A. 54-59). The sentencing judge pointed out Ross' criminal history, tattoos, and involvement in a gang. (J.A. 55-56). He further noted Ross' lack of employment history and limited education. (J.A. 56). The court detailed Ross' poor upbringing and the fact that "[h]e has had things happen in his past that could result in driving a sane person insane." (J.A. 56-57). He recognized Ross and his family had suffered two fires and that Ross was addicted to drugs by the age of 15. (J.A. 57). The court further noted a family member had taught him his "illegal skills," and all this resulted in "him being this." *Id.* The court found that a sentence at the bottom of the career offender range, 151 months, would satisfy the multiple mandates of 18 U.S.C. § 3553(a). *Id.* It recommended he receive substance abuse treatment and technical, vocational, and educational training. *Id.*

## SUMMARY OF ARGUMENT

Robert Earl Ross suffered a ten-offense level sentencing enhancement applicable to those classified as "Career Offenders" under the United States Sentencing Guidelines. The enhancement amplified the bottom end of the applicable advisory guideline range from 46 months to 151 months in prison. Ross qualified for the enhancement because he suffered two prior convictions for common law robbery when he was 17 and 18 years old, respectively. The first conviction originally brought only a suspended sentence that was activated and

served concurrently to the 14-17 month sentence for his second conviction. His guilty plea to his third felony, amounting to 1.21 grams of heroin when confined to the four corners of the indictment, set into motion a guideline range 10 times higher than the worst sentence he had suffered for his two prior, youthful felonies. The sentencing judge declined Ross' request for a downward variance and Ross, merely 23 years of age, stands to spend a sum in federal prison exceeding half of his existing years of life.

This Court has recognized the Career Offender guideline enhancement may increase a sentence disproportionately to the severity of the prior crimes. *See United States v. Moreland,* 437 F.3d 424, 436 (4th Cir. 2006). Indeed, these provisions of the guidelines "are fraught with potential imprecision." *United States v. Adkins,* 937 F.2d 947, 952 (4th Cir. 1991). In agreeing that variances from the impact of this guideline can be appropriate, this Court has noted "[t]he career offender guideline covers a broad range of offenders, encompassing the street-level dealer who handles only small quantities of drugs and the drug kingpin or the recidivist with a history of violence." *Moreland*, 437 F.3d at 436.

Ross' sentence should be vacated and remanded because he is the quintessential candidate for a downward variance from the wide net of the Career Offender enhancement. Ross, 23, is hardly old enough to have had any kind of career. His two prior felony convictions resulted in him serving a single swath of

substantially concurrent time in a state penitentiary. That 14 to 17 month period

amounted to just one-tenth of the time called for by the Career Offender

enhancement and imposed by the district court. Where the face of indictment laid

out a 35-day conspiracy and transactions totaling 1.21 grams of drugs, the district

court should have recognized the sentencing objections established in 18 U.S.C. §

3553(a) could be achieved by a variant sentence.

## ARGUMENT

## STANDARD OF REVIEW

This Court reviews factual findings for clear error. *United States v. Allen*,

446 F.3d 522, 527 (4th Cir. 2006). In assessing a guideline enhancement, this

Court reviews findings of fact for clear error and legal decisions *de novo*. *See, e.g.,*

*United States v. Rooks,* 596 F.3d 204, 210 (4th Cir. 2010); *see also United States v.*

*Chandia*,  675 F.3d 329, 337 (4th Cir. 2012). Appellate courts are to review the

reasonableness of the district court's imposition of a criminal sentence under an

abuse of discretion standard. *United States v. Abu Ali,* 528 F.3d 210 (4th Cir.

2008).

I.    **THE DISTRICT COURT SHOULD HAVE VARIED DOWNWARD WHERE THE CAREER OFFENDER PROVISIONS OF U.S.S.G. § 4B1.1 CALLED FOR A 23-YEAR OLD TO SERVE 151 MONTHS IN PRISON FOR A RELATIVELY SMALL AMOUNT OF DRUGS AND THE LONGEST OF HIS TWO PREVIOUS SENTENCES WAS 14-17 MONTHS.**

A.    **The Career Offender provisions of the United States Sentencing Guidelines called for an exponentially higher sentence.**  The "Career Offender" provisions of U.S.S.G. § 4B1.1 call for significant sentencing enhancements where a defendant (a) was at least 18 years old at the time of the instant offense, (b) the instant offense is a felony crime of violence or controlled substance offense, (c) he or she had at least two prior felony convictions for crimes of violence or controlled substance offenses.  U.S.S.G. § 4B1.1(a); *see also United States v. Merced*, 603 F.3d 203, 209 (3rd Cir. 2010).  The instant case presented a 23-year old defendant that had suffered two prior sentences for violent felonies.  One common law robbery at age 17 resulted in him receiving a suspended sentence; a second common law robbery conviction at age 18 resulted in activation of his first, suspended sentence and service of the first sentence concurrent with the second sentence of 14 to 17 months.

The PSR calculated an adjusted offense level for Ross of 19 and criminal history category of IV.[1]  (J.A. 80).  Were it not for the Career Offender

---

[1]  The four corners of the indictment establish three drug transactions totaling only 1.21 grams of heroin.  (J.A. 72).  The offense level cited here is derived from a

enhancement, Ross' advisory guideline range would have been 46 to 57 months. *See* U.S.S.G. § 5A. Application of the enhancement instead established an advisory guideline range of 151 to 188 months. *Id.* Ross' two prior felonies, suffered at the ages of 17 and 18, thereby elevated his sentencing range by a total of 105 to 131 months. The toughest of Ross' two prior sentences was roughly one-tenth of the Career Offender range made applicable by operation by Section 4B1.1.

**B.    This Court has long recognized the Sentencing Commission's Career Offender provisions do not always comport with the objectives of sentencing Congress laid out in 18 U.S.C. § 3553(a).** Congress mandated the Sentencing Commission derive Career Offender penalties because it believed "certain repeat offenders should receive markedly longer sentences than other repeat offenders or those with little or no criminal history." *United States v. Moreland*, 437 F.3d 424, 435-436 (4th Cir. 2006). The *Moreland* Court further noted the Sentencing Commission's recognition that mechanical application of this enhancement may call for a disproportionately harsh increase. *Id.* at 436. Career Offender applications are "fraught with potential imprecision," *Id.* at 436 (quoting *United States v. Adkins,* 937 F.2d 947, 952 (4th Cir. 1991). "The career offender guideline covers a broad range of offenders, encompassing the street-level dealer

---

relevant-conduct analysis in the PSR that held Ross responsible for more than 40 additional grams of heroin and 4 pounds of wholly uncharged marijuana. (J.A. 73, 79-80).

9

who handles only small quantities of drugs and the drug kingpin or the recidivist with a history of violence." *Id.*

The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), liberated district judges from the once-mandatory confines of the United States Sentencing Guidelines and called for a reasonableness review of sentencing decisions. *Id.* at 431-432. "Appellate review of sentencing decisions is limited to determining whether they are reasonable." *United States v. Gall*, 552 U.S. 38, 46, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). The touchstone of reasonableness is whether the judicial record reflects rational and meaningful consideration of the factors laid out in 18 U.S.C. § 3553(a). *United States v. Merced*, 603 F.3d 203, 214 (3rd Cir. 2010). Section 3553(a)(1) requires the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. Section 3553(a)(2) mandates the court work through several more considerations about the sentence to be imposed:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)     to protect the public from further crimes of the defendant; and
    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  The court may reject a sentence within the advisory guideline range where the range fails to reflect the Section 3553(a) factors or because the case warrants a different result.  *See United States v. Evans,* 526 F.3d 155, 161 (4th Cir. 2008).

**C.     The district court abused its discretion in failing to recognize 18 U.S.C. § 3553(a) merited a downward variance in this particular case.**  The record plainly reflects the sentencing court mechanically reciting the Section 3553(a) factors.  (J.A. 54-55).  The court attempted to personalize its analysis by asserting Ross had a "horrible history, violent -- of violent crimes."  (J.A. 55).  Despite the court's description, Ross had only two prior convictions for violent felonies.  (J.A. 74-76).  The court then spent 12 lines of transcript detailing Ross' tattoos.  (J.A. 55-56).  It noted Ross' gang affiliation and specified the gang had an alias of "Get Money Niggas Gang."  (J.A. 56).  The court found Ross had several aliases, despite the fact three of the four listed in the PSR appear to be shortened version of the same nickname.  (J.A. 56, 71).

The court capably evaluated some factors in Ross' favor.  It noted Ross' youth, underprivileged upbringing, and that things happened "in his past that could result in driving a sane person insane."  (J.A. 56-57).  The court recognized Ross was troubled by fires that twice burned down his home, drug addiction as an early teenager, and corrupt family members teaching him criminal means.  (J.A. 57).

11

The judge then summarily concluded the goals of "deterrence, incapacitation, just punishment, and rehabilitation," would be met by the bottom of the Career Offender range:  151 months.  (J.A. 57).

The court's conclusion cited the appropriate Section 3553(a) factors but never tied appropriate or relevant facts to those standards.  Specifically, the bulk of the sentencing court's personal analysis surrounded Ross' tattoos.  The court further found the name of Ross' gang so relevant it merited use of an objectionable term on the record; it further took exception to his use of multiple nicknames.  Concern about tattoos, nicknames, and the N-word do not constitute a reasonable evaluation of the 3553(a) factors.  The court's passing reference to a violent past does not insulate the sentence from reversal as it stands in contrast to the fact Ross held merely two youthful robbery convictions penalized by a concurrent sentence.

Most importantly, the court offered no explanation of why a lesser sentence would not suffice to meet the objectives of Section 3553(a).  The PSR shows that the Sentencing Commission felt this particular crime would be justly punished with a 46-57 month sentence were Ross not a Career Offender.  Where a 23-year old defendant had only served a 14-17 month state sentence for his prior misconduct, the court should have offered an explanation of why a ten-fold increase in that penalty was necessary to afford deterrence and a proper period of incapacitation.

12

Finally, the court offered no rationale for why a 12-year sentence was necessary to afford needed treatment as opposed to a much shorter range.

This Court's reasonableness review of a sentence "is not a code-word for 'rubber stamp.'" *Moreland* at 433. Only a rubber stamp review could justify application of the relevant enhancement under the facts of this case: reference to tattoos, nicknames, and unfortunate gang names are not analysis upon which this Court can depend. This Court's ability to review the district court's reasoning merits a more fulsome explanation of why a sentence amounting to half of a youthful offender's lifespan was sufficient, but not more than necessary, to achieve statutory sentencing objectives. Mere reference to the relevant sentencing objectives is not enough; this Court must mandate at least some explanation of why the trebling of the otherwise-applicable guideline range was necessary to achieve those objectives. "Where one party raises a colorable argument about the applicability of one of the factors, however, the court should respond to that argument as part of its 'meaningful consideration of the relevant statutory factors and the exercise of independent judgment.'" *Merced,* 603 F.3d at 222 (internal citations omitted).

## CONCLUSION

For the foregoing reasons, Defendant-Appellant Robert Earl Ross respectfully requests his sentence be vacated and the case be remanded for resentencing.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 34(a), Appellant respectfully requests oral argument in this appeal, as he submits the Court's decisional process will be aided by oral argument given the factual and legal issues involved in this matter.

This the 13th day of March, 2014.

/s/ Joshua B. Howard
N.C. State Bar Number 26902
Gammon, Howard & Zeszotarski, PLLC
115 ½ West Morgan Street
Raleigh, NC  27601
(919) 521-5878
jhoward@ghz-law.com
Counsel for Appellant

14

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

this brief contains <u>3,037</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

<u>/s/ Joshua B. Howard</u>
Joshua B. Howard

Dated: March 13, 2014

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 13, 2014, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

> Jennifer P. May-Parker
> OFFICE OF THE
>   UNITED STATES ATTORNEY
> Federal Building
> 310 New Bern Avenue, Suite 800
> Raleigh, NC  27601
> (919) 856-4530
>
> *Counsel for Appellee*

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

> /s/ Karen R. Taylor
> Karen R. Taylor
> GIBSON MOORE APPELLATE SERVICES, LLC
> 421 East Franklin Street
> Suite 230
> Richmond, VA  23219